UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YASEEN TRAYNOR, on behalf of himself and all others similarly situated,

                Plaintiffs,

- against –

THE HEREAFTER, INC. D/B/A AREAWARE, INC.,

                Defendant.

---

Electronically Filed

Civil Action No. 19-cv-03021


## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE
## PUSUANT TO FED. R. CIV. P. 41(a)(2)


SABETY + ASSOCIATES PLLC
733 Third Avenue, 15th Floor
New York, NY 10017
Tel: 212.481.8686
Fax: 646.349.2782
ted@sabety.net
*Counsel for Defendant*

July 26, 2019

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT...................................................................................................................1

I.     The Motion Must be Denied because Plaintiff Was Not Diligent in Bringing its Motion to Dismiss, Acted with Undue Vexatiousness and Did not Give an Adequate Explanation for the need to Dismiss. ........................................................................................1

II.    The Court must Decide Whether Costs are Awarded when Deciding Defendant's Motion for Sanction and Attorney's Fees, not Plaintiff's Motion to Dismiss. ...............................4

CONCLUSION................................................................................................................5

**PRELIMINARY STATEMENT**

Defendant The Hereafter, Inc. d/b/a Areaware, Inc. (hereinafter "Areaware") through its attorney, hereby brings its opposition to Plaintiff's Motion to Dismiss Without Prejudice.

Plaintiff's Motion is that the Court Dismiss Plaintiff's Class-Action Complaint "without prejudice" and "without costs." While Defendant too has a "Motion to Dismiss", Defendant seeks that the Complaint be dismissed with prejudice. Dkt.8. In addition, Defendant has filed a Motion for Sanction and Attorney's Fees. Dkt. 19. Therefore, Defendant opposes Plaintiff's Motion to Dismiss without Prejudice and without Costs.

**ARGUMENT**

**I.  The Motion Must be Denied because Plaintiff Was Not Diligent in Bringing its Motion to Dismiss, Acted with Undue Vexatiousness and Did not Give an Adequate Explanation for the need to Dismiss.**

"Voluntary dismissal without prejudice is thus not a matter of right. Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of re-litigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990). Plaintiff's conduct in this case leans toward denying Plaintiff's motion.

First, it is evident that Plaintiff has not been diligent in bringing its motion  As set forth in Defendant's Motion for Sanction and Attorney's Fees under FRCP 11, Dkt. 19, Plaintiff and his counsel did not conduct any pre-suit investigation in this case prior to filing its Class Action Complaint and conducted this litigation in a manner to drag out the inevitable in order to get "**money on the table in order to push my client**." Dkt. 19, Exhibit D.  Indeed, two weeks after Defendant filed its Motion to Dismiss and Motion to Stay Discovery, Plaintiff sought a further two week extension of time to file its opposition papers. Dkt. 12.  The Court granted this extension  to July 17, 2019.  Dkt 14.    Plaintiff's attorney then admitted to Defendant, prior to filing its papers that, "... **I am not sure how we could have proven liability yet**...." (emphasis added) [1].  Dkt. 19, Exhibit A.  This is rather shocking given that the entire case is about a "public accommodation", that is, the operation of a publicly available Website.  As discussed in Defendant's Motion for Sanction and Attorney's Fees, in this case, discovery was not necessary to establish the factual basis of Plaintiff's allegations. Further, Plaintiff's attorney stated that he wanted "**money on the table**" in order to withdraw the case[2] that Plaintiff now seeks to dismiss. Dkt. 19, Exhibit D.  Subsequent to Plaintiff's demand, Plaintiff's attorney missed its deadline to file opposition papers.  Thereafter, on July 18, 2019, the Court issued an order directing the parties to jointly conduct a demonstration to test the accessibility of Defendant's website, www.areaware.com, and any alleged defects, prior to the July 31, 2019 date for oral argument of Defendant's motions. Dkt. 16.  Defendant's attorney contacted Plaintiff's attorney on July 19,

---

[1]. The attorney's statement is offered as evidence of attorney's conduct in this case. *See* Federal Rules of Evidence Rule 408(b)("**Exceptions**. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.")  Here, the statement is not being used to "prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction" – it is used for the purpose of demonstrating attorney misconduct.
[2] Id.

2019, proposing that the parties meet on July 29 or July 30 at Defendant's attorney's office in New York City in order to conduct this demonstration. Dkt. 19, Exhibit C. Plaintiff's attorney did not respond – instead, on July 22, 2019, Plaintiff filed its Motion to Dismiss Without Prejudice and Without Costs. Dkt. 18. In other words, more than four weeks after being confronted with the Declaration of Friebe that presented documentary evidence that contradicted the Complaint —a component of the Rule 11 warning letter sent on June 19, 2019, and also a component of Defendant's Motion to Dismiss--Plaintiff finally folded its case only when the Court ordered that some factual basis for it be demonstrated. Dkt. 18. Therefore, Plaintiff has not been diligent in bringing its voluntary Motion to Dismiss. Furthermore, Plaintiff did not explain its reasons for bringing its voluntary Motion to Dismiss, which also weighs against granting the voluntary Motion to Dismiss without prejudice and without costs. *Zagano v. Fordham University*, 900 F.2d 12, 14 (2d Cir. 1990). Therefore, the Court must find that these two factors under *Zagano* weigh against the Plaintiff.

Second, Defendant's attorney served Plaintiff's attorney with its Rule 11 warning letter with the proposed Motion for Sanctions and Attorney's Fees on June 19, 2019. Yet Plaintiff's attorney filed this Motion to Dismiss only after the Court ordered that the Plaintiff demonstrate at least some defect in the Defendant's Website. Dkt. 16. It is abundantly clear that Plaintiff and Plaintiff's counsel knew all along that it did not have any evidentiary support for its claims, and has been using the court system to extract money from website operators,-- to get "**money on the table in order to push my client**" to withdraw the case without presenting any factual basis for bringing the class-action lawsuit. Dkt. 19, Exhibit D. This further indicates that Plaintiff acted with vexatiousness.

3

It is evident that Complaint is without merit. The Plaintiff has failed to produce any factual basis for its Complaint nor present any paper to oppose Defendant's Motion to Dismiss. Dkt. 8. The Complaint has a frivolous, defective pleading. (See Defendant's Motion to Dismiss, Dkt. 8). Furthermore, the *Zagano* factors weigh against Plaintiff. In addition to failing to present any evidence in support of its Complaint, Plaintiff has failed to indicate why it is entitled to dismiss this case without prejudice. Therefore, Plaintiff's Motion to Dismiss must be denied. Rather this case must be dismissed **with** sanction and attorney's fees for the reasons provided in the Defendant's Motion to Dismiss and Defendant's Motion for Sanction and Attorney's Fees. Dkt. 8, 20.

## II. The Court must Decide Whether Costs are Awarded when Deciding Defendant's Motion for Sanction and Attorney's Fees, not Plaintiff's Motion to Dismiss.

Plaintiff's Motion to Dismiss without Costs is inappropriate in this case, because there is a pending Motion for Sanctions under Rule 11 of the Fed. R. Civ. Pro. Dkt. 19. Rather than comply with the Court's order to meet with Defendant and demonstrate "defects" in Defendant's Website in preparation for oral argument on July 31, 2019, Plaintiff's counsel simply filed its voluntary Motion to Dismiss "without costs." Dkt. 18. Plaintiff's voluntary Motion to Dismiss without costs is a litigation trick to avoid sanctions and paying attorney's fees for having brought what turns out to be a frivolous case brought in bad faith. Sanction and attorney fees are exactly what Defendant deserves, as further argued in Defendant's pending Motion for Sanction and Attorney's Fees. Dkt. 19. This Court must deny Plaintiff's Motion to Dismiss with regard to "without costs" and instead decide whether to award costs in this frivolous class-action case when deciding Defendant's pending Motion for Sanction and Attorney's Fees. DKT. 19

4

## **CONCLUSION**

For the foregoing reasons provided above and for the reasons provided in Defendant's Motion for Sanction and Attorney Fees, Defendant requests that the Court deny Plaintiff's Voluntary Motion to Dismiss this case without prejudice and without costs.

Dated: July 26, 2019

        Respectfully submitted,

        SABETY + ASSOCIATES PLLC

        By: ___/ts/_____

        Theodore Sabety
733 Third Avenue, 15th Floor
New York, New York 10017
Tel: 212.481.8686
Fax: 646.349.2782
ted@sabety.net
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on July 26, 2019 he served a copy of the foregoing document on all attorneys of record by causing them to be issued through the Court's Electronic Case Filing System in accordance with Fed. R. Civ. P. 5 and the S.D.N.Y. Local Rules.

*s/Theodore Sabety*

Theodore Sabety